**LAW OFFICE OF RACHEL S. BLUMENFELD PLLC**
26 Court Street, Suite 2220
Brooklyn, New York 11242
Telephone: (718) 858-9600
RACHEL BLUMENFELD

*Proposed Counsel to the Debtor*
*And Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Steven L. Hagerman,<br><br>Debtor. | Chapter 11<br><br>Case No.: 24-_____  ( ) |

# DECLARATION OF STEVEN HAGERMAN IN SUPPORT OF DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY MOTIONS

I, Steven Hagerman, pursuant to section 1746 of title 28 of the United States Code, hereby declare under penalty of perjury that the following is true to the best of my knowledge, information, and belief:

1. I am the above referenced individual Debtor (the "Debtor").

2. On July 30, 2024 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

**PRELIMINARY STATEMENT & EVENTS LEADING TO CHAPTER 11 FILING**

3. For approximately 20 years the Debtor has owned property located at 209 Butler Street in Brooklyn, New York (the "Property"). The Property is vacant land. The Debtor collects $2,000 of rent a month from a corporation, Hallen Construction, which

corporation parks their cars on the property. Otherwise there is no other activity on the Property.

4.  The Debtor was anticipating building out the property, however it was not possible due to the secured creditor not consenting. Prior to the prior bankruptcy case, the secured creditor refused to accept payments, causing the Debtor to fall behind.

5.  As of the Petition Date, the Debtor continues to manage its affairs as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  There is a foreclosure sale scheduled for August 1, 2024. The Debtor has determined that commencing the Chapter 11 Case is the most effective way to preserve and maximize the Debtor's value for the benefit of its creditors, especially since the Debtor has a been able to enter a contract of sale for the purchase price of $1,450,000.00.

7.  The Debtor anticipates filing the following "first day" motions shortly after filing on a non-emergency basis (the "First Day motions"):

   a. *Debtor's Motion for Entry of an Order to Enter into a Contract of Sale of its Real Property*;
   b. *Debtor's Motion to Extend the Automatic Stay for the Debtor's Second Bankruptcy Filing within One Year.*

**II.  INITIAL MOTIONS.**

   **a. The Retention Motion.**

43.  The Debtor has determined that it will be necessary to engage counsel with knowledge and experience in the areas of bankruptcy and litigation. Such legal counsel will enable the Debtor to fulfill its duties in this Chapter 11 Case and will assist in the

reorganization of the Debtor's estate. The Debtor proposes to retain the law firm of the Law Office of Rachel S. Blumenfeld PLLC ("RSB") as lead counsel in this Chapter 11 Case.

44. The Debtor will seek authority to engage RSB as bankruptcy counsel because RSB has considerable experience in Chapter 11 reorganization cases. In connection with services rendered prior to the Petition Date, including preparation for the commencement of this Chapter 11 Case, RSB has become familiar with the Debtor's circumstances and financial affairs.

45. RSB has the necessary background to deal effectively with the many legal issues and problems that may arise in the context of the Debtor's Chapter 11 Case, and is well-qualified and uniquely able to represent the Debtor therein in an efficient and timely manner.

46. For the foregoing reasons, and as more fully set forth in the *Application Pursuant to Section 327(a) of the Bankruptcy Code for Authorization to Retain the Law Office of Rachel S. Blumenfled PLLC as Attorneys to the Debtor Effective to the Petition Date* and the supporting Affidavit of Rachel S. Blumenfeld, Esq., filed with the application, the Debtor believes that the retention and employment of RSB in connection with this Chapter 11 case is in the best interests of the Debtor, its creditors, and all parties in interest, and should be approved in all respects.

47. The Debtor will also seek to retain Daniel Shtarkman, a partner and tax accountant, for assistance in filing his Operating Reports in the prior case and the current case.

## III. LOCAL RULE 1007-4 STATEMENTS.

88. The following statements are provided pursuant to Local Rule 1007-4:

| | |
|---|---|
| L.B.R. 1007-4(a)(i): | *(i) whether the debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D).*<br><br>The Debtor is not a small business debtor. |
| L.B.R. 1007-4(a)(ii): | *(ii) whether the debtor is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).*<br><br>Not applicable. |
| L.B.R. 1007-4(a)(iii): | *(iii) the nature of the debtor's business and a concise statement of the circumstances leading to the debtor's filing under chapter 11.*<br><br>See Preliminary Statement and Sections I above. |
| L.B.R. 1007-4(a)(iv) | *(iv) in a case originally commenced under chapter 7, 12 or 13, the name and address of any trustee appointed in the case and, in a case originally commenced under chapter 7, the names and addresses of the members of any creditors' committee elected under Bankruptcy Code § 705.*<br><br>Not applicable. |
| L.B.R. 1007-4(a)(v) | *(v) the names and addresses of the members of, and professionals employed by, any committee organized prior to the order for relief in the chapter 11 case, and a description of the circumstances surrounding the formation of the committee and the date of its formation.*<br><br>Not applicable. |
| L.B.R. 1007-4(a)(vi): | *(vi) with respect to each of the holders of the 20 largest general unsecured claims, excluding insiders and creditors holding priority claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the mailing address), telephone number, e-mail address, name(s) of person(s) familiar with the debtor's account, amount of the claim, and whether the claim is contingent, unliquidated, disputed, or partially secured.*<br><br>Official Form 204 filed with the Debtor's voluntary petition for relief under Chapter 11 provides the contact information for each of the holders of the 20 largest general unsecured claims. |

| | |
|---|---|
| L.B.R. 1007-4(a)(vii): | *(vii) with respect to each of the holders of the 5 largest secured claims: name, address (including the number, street, apartment or suite number, and zip code, if not included in the mailing address), telephone number, e-mail address, amount of the claim, a description and an estimate of the value of the collateral securing the claim, and whether the claim or lien is disputed.*<br><br>Schedule D filed subsequent to the Debtor's voluntary petition for relief under Chapter 11 will provide the contact information for each of the holders of the 5 largest secured claims. |
| L.B.R. 1007-4(a)(viii): | *(viii) a summary of the debtor's assets and liabilities or, in the alternative, a balance sheet reflecting the same.*<br><br>The Schedules and Statement of Financial Affairs filed subsequent to the Debtor's voluntary petition for relief under Chapter 11 will provide a summary of the Debtor's assets and liabilities. |
| L.B.R. 1007-4(a)(ix): | *(ix) the number and classes of shares of stock, debentures, or other securities of the debtor that are publicly held, and the number of record holders thereof, listing separately those held by each of the debtor's officers and directors and the amounts so held.*<br><br>Not applicable. |
| L.B.R. 1007-4(a)(x): | *(x) a list of all of the debtor's property in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity, giving the name, address, and telephone number of each such entity, the title of any proceeding relating thereto, and the court in which it is pending.*<br><br>Not applicable. |
| L.B.R. 1007-4(a)(xi): | *(xi) a list of the premises owned, leased, or held under any other arrangement from which the debtor operates its business.*<br><br>See Debtor's Schedules. |
| L.B.R. 1007-4(a)(xii): | *(xii) the location of the debtor's significant assets, the location of its books and records, and the nature and location of any assets held by the debtor outside the territorial limits of the United States.*<br><br>The Debtor's books and records are located virtually.<br><br>The Debtor does not have any assets outside the territorial limits of the United States. |

| | |
|---|---|
| L.B.R. 1007-4(a)(xiii): | *(xiii) the nature and present status of each action or proceeding, pending or threatened, against the debtor or its property where a judgment against the debtor or a seizure of its property may be imminent.* <br><br> There is a foreclosure action scheduled against the Debtors property. |
| L.B.R. 1007-4(a)(xiv): | *(xiv) the names of the debtor's existing senior management, their tenure with the debtor, and a summary of their relevant responsibilities and experience.* <br><br> Not Applicable. |
| L.B.R. 1007-4(a)(xv): | *(xv) the estimated amount of the weekly payroll to employees (exclusive of officers, directors, stockholders, partners and members) for the 30-day period following the filing of the chapter 11 petition.* <br><br> Not Applicable. |
| L.B.R. 1007-4(a)(xvi): | *(xvi) the amount paid and proposed to be paid for services for the 30-day period following the filing of the chapter 11 petition -* <br><br> Not Applicable. |
| L.B.R. 1007-4(a)(xvii): | *(xvii) an itemized schedule, for the 30-day period following the filing of the chapter 11 petition, of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other information relevant to an understanding of the foregoing.* <br><br> Not Applicable. |

| | |
|---|---|
| L.B.R. 1007-4 (a)(xviii) | *(xviii) a schedule of the debtor's current insurance policies, including the identity of the insurer, policy period and type of insurance for each insurance policy listed.*<br><br>The Debtor currently has insurance policy with All City Insurance Services. |
| L.B.R. 1007-4 (a)(xix) | *(xix) a schedule of the debtor's bank accounts, including the name and address of the banking institution where the accounts are held, the name on the account, and the nature of the account for each bank account listed.*<br><br>Schedule B filed subsequent to the Debtor's voluntary petition for relief under Chapter 11 will provide the debtor's bank account where the Debtor maintains its bank accounts. |
| L.B.R. 1007-4 (a)(xx) | *(xx) such additional information as may be necessary to fully inform the Court of the debtor's rehabilitation prospects.*<br><br>See Sections I and II above. |

89.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed:   July 30, 2024         By:   */s/ Steven Hagerman*
                                  Name:   Steven Hagerman